## EMMA A. BASSETT *vs.* WILLIAM L. HOWORTH.

In a bastardy process, a motion to dismiss the complaint, on the ground that the record shows that the defendant was arrested by a deputy of the constable of the Commonwealth upon a warrant directed to the sheriff or to the constable of a city, and does not show the special circumstances which would justify an arrest by a deputy of the constable of the Commonwealth, may be "for defect of form of process" only, and therefore no exception lies to its disallowance by the superior court unless the record shows some other ground for it.

BASTARDY PROCESS. In the superior court, the defendant moved to dismiss the complaint on the ground of insufficient service of the warrant, and in support of his motion produced the record, from which it appeared that the defendant was arrested by a deputy of the constable of the Commonwealth on a warrant issued from the municipal court of Boston and addressed to the sheriff of Suffolk, or his deputies, or to either of the constables of Boston; but *Devens*, J., on inspection of the record, disallowed the motion, and the defendant alleged exceptions.

*I. H. Wright*, for the defendant.

No counsel appeared for the complainant.

AMES, J. The warrant upon which this defendant was arrested was served by an officer to whom it was not directed. It

Bassett *v.* Howorth.

was also served by an officer who has no legal authority to serve such warrants, even if it had been directed to him, except in a special and very limited class of cases; and even then it would be necessary, in order to render it strictly formal and regular, that it should appear on the face of the warrant that the special circumstances of the case were such that he could lawfully serve it. *Wood* v. *Ross*, 11 Mass. 271. *Brier* v. *Woodbury*, 1 Pick. 362. *Carlisle* v. *Weston*, 21 Pick. 535. Upon these grounds, a motion to dismiss the complaint was made in the superior court; and, that court having disallowed the motion, the case comes before us upon the defendant's exceptions.

Upon a motion to dismiss, the court can only look at such defects as are apparent of record. Defects not so apparent are more properly to be pleaded in abatement. It is true that the defects objected to in this case are so apparent, but it is very material to understand whether they are defects of form merely, or of substance, and upon this point the record gives no information. If the incapacity of the officer to serve this warrant consisted merely in the omission of the words appropriate to show that he was the proper officer to serve it, and that the case was one in which, with proper words of direction, he could lawfully have acted, the objection would be merely to the form of the process. It would present what may be described as a case of a good title, imperfectly stated; that is to say, a case in which he would have had a right to act, if the warrant had been made in conformity to the truth. There is a state of facts in which this warrant might have been directed to and served by a deputy state constable. If the defendant had been an alien passenger or a state pauper, he would have been a competent officer, under the St. of 1866, *c.* 292, § 2. We cannot know that such was not the true state of the facts in this case; and as a motion to dismiss is a matter of strict law, depending upon the record only, we do not feel at liberty to presume in favor of the motion either the existence or nonexistence of facts upon which the whole force of the motion depends, and upon which the record is silent. Upon a motion to dismiss "for defect of form of process," the decision of the superior court is

final and without appeal. Gen. Sts. c. 115, § 7. There is nothing in the record before us to show that the defendant's objection in that court was not purely "for defect of form of process." *Exceptions overruled.*