STATE OF MAINE *vs.* REUBEN C. HALL and another, appellants.

Kennebec. Opinion December 26, 1885.

*Intoxicating liquors. Amendment.*

A warrant for search and seizure under § 40, c. 27, R. S., relating to intoxicating liquors, served by a constable of the county legally authorized to serve such process, but to whom no direction has been given in the warrant, is legally amendable at any time before final judgment, under § 57 of said chapter, the omission of such direction being only matter of form.

An amendment inserting such direction being but matter of form, is within the power, as well as the discretion, of the court until final judgment.

ON EXCEPTIONS from superior court.

*W. T. Haines*, county attorney, for the state, cited : *Com.* v. *Henry*, 7 Cush. 512 ; *Tubbs* v. *Tukey*, 3 Cush. 438 ; *Hearsey* v. *Bradbury*, 9 Mass. 95 ; *Morrill* v. *Cook*, 35 Maine, 207 ; 2 Hawkins, P. C. c. 13 ; 1 Hale, P. C. 581.

*H. M. Heath*, for the defendants.

This warrant was directed to the town or city constables but it was served by the state constable for Kennebec county.

Some decisions have held that civil writs may be served by constables if otherwise within their powers though not directed to them.

In *State* v. *Kenniston*, 67 Maine, 558, the return was made by an officer to whom the search warrant was directed. It was held that the state could not show that the seizure was in fact made by another officer. That case was affirmed in *State* v. *Longfellow*, decided in Kennebec, 1884, no opinion.

I submit that both these cases rest upon the principle that the return must be made not only by the officer in fact serving the precept, but also by the officer to whom the process is directed. The officer's return is a part of the allegations to be proved. *State* v. *Howley*, 65 Maine, 100. But such return cannot be made by an officer who is a stranger to the process.

FOSTER, J.   This was a complaint and warrant for search and seizure under § 40, c. 27, R. S., relating to intoxicating liquors. The warrant was issued from the municipal court of the city of Gardiner, and directed to the sheriff of the county of Kennebec or either of his deputies or either of the constables of the city of Gardiner or either of the towns within said county. Service of said warrant and return thereon was made by a constable of the county appointed in accordance with § 62 of said chapter. The case having been appealed to the superior court, a motion was made to dismiss the proceedings on the ground that the officer whose name was signed to the return upon the warrant had no lawful authority to serve the same. The court overruled the motion, and the case is before this court on exceptions.

The warrant was served by an officer who had legal authority to serve the same, had it been directed to him. Such authority is specially conferred by statute; and, in this particular class of cases, the powers and duties of such constables are co-ordinate with those of the sheriff of the county and his deputies.

Was the want of such direction in the warrant such as to render the proceedings of the officer in executing it null and void? Our opinion is that it was not.

To be sure, it has been held that a constable has no authority to serve process in a civil action unless it is directed to him. *Wood* v. *Ross*, 11 Mass. 271; *Brier* v. *Woodbury*, 1 Pick. 365; *Hearsey* v. *Bradbury*, 9 Mass. 95. And yet in the case

last cited, where a motion was made to abate the writ, and in numerous other cases where the same doctrine is affirmed, it has been decided that where a constable had served a writ which was not directed to him, it might be amended by inserting such direction, and thereby the same would be made good. *Converse* v. *Damariscotta Bank*, 15 Maine, 433. The omission of such direction in civil processes is held to be but matter of form and amendable even after service has been made. *Hearsey* v. *Brad-bury*, 9 Mass. 95; *Wood* v. *Ross*, 11 Mass. 276; *Rollins* v. *Rich*, 27 Maine, 561; *Morrell* v. *Cook*, 35 Maine, 211; *Brown* v. *Dudley*, 33 N. H. 514; *Aldrich* v. *Aldrich*, 8 Met. 106.

In *Parker* v. *Barker*, 43 N. H. 36, the writ was served by a constable to whom no direction had been given in the process; motion was made, overruled, and exceptions taken as in the case at bar, and the court say: "But an omission to insert the proper direction, if the writ is served by the proper officer, is not fatal. It may be amended on motion, and leave granted to insert the proper direction, and the objection will be thus obviated."

A question somewhat analogous to that we are now considering arose in the case of *Bassett* v. *Howorth*, 104 Mass. 224, where, in a bastardy process, the warrant upon which the defendant was arrested was served by an officer to whom it was not directed. The same objection was interposed by motion to dismiss the complaint on the ground of insufficient service of the warrant, and the court say: " If the incapacity of the officer to serve this warrant consisted merely in the omission of the words appropriate to show that he was the proper officer to serve it, and that the case was one in which, with proper words of direction, he could lawfully have acted, the objection would be merely to the form of the process."

Our own court, while fully recognizing the doctrine laid down in *Hearsey* v. *Bradbury*, *supra*, has given expression upon this subject in the following language: "No objection is perceived to the service of a writ by a constable duly empowered, though it is not directed to him. He might not be obliged to make it, unless the precept was directed to him, but he may do

the act without such direction, which being a mere matter of form cannot be necessary to give it validity." *Morrell* v. *Cook*, 35 Maine, 211.

The cases to which we have referred relate more particularly to processes in civil actions, in which the omission of the proper direction is held to be only matter of form and amendable. Whether the analogy might or might not hold good in the general domain of criminal proceedings, it does not now become necessary to determine, inasmuch as the statute under which these proceedings are instituted (§ 57) specially provides that "any process civil or criminal, legally amendable, may in any stage of the proceedings be amended in any matter of form, without costs, on motion at any time before final judgment."

Hence it may be seen that virtually the same authority exists in regard to amendments in matters of form in proceedings legally amendable under this statute, as in relations to actions of a civil nature. The statute is broad in its terms, allowing amendments at any time before final judgment. Whatever distinction there may be existing between civil and criminal processes, as to amendments even in matters of form, this statute has abrogated in this particular class of cases. Such amendments are within the discretion of the court, and authorized by positive enactment. Here, as we have remarked, the warrant was served by an officer whose authority to serve the same is unquestioned, had it been directed to him. An amendment inserting such direction, being but matter of form, was within the power as well as the discretion of the court until final judgment. *Bolster* v. *China*, 67 Maine, 553 ; *Harvey* v. *Cutts,* 51 Maine, 607.

*Exceptions overruled.*

Peters, C. J., Walton, Danforth, Libbey and Emery, JJ., concurred.