### 11229. CLARK *v.* THE STATE.

1. "Ordinarily, when a month is referred to, it will be understood to be of the current year, unless from the connection it appear that anot¹· is intended."
2. There was no harmful error in the charge of which compJ○·
3. There was evidence to support the verdict.

DECIDED APRIL 14, 1920.

Indictment for manufacture of liquor; f\

court — Judge Sheppard. November 28, 191\

An indictment returned on July 10, 1919, charged that on the 7th day of June, 1919, the accused " did unlawfully distill, manufacture, and make alcoholic, spirituous, vinous, malt, and mixed liquors and whiskeys, which, if drunk to excess, would produce intoxication." The accused was tried July 15, 1919. The sheriff testified: " I know the defendant, Charlie Clark. I recently arrested him at his home in Tattnall county. It was on Sunday I arrested him, in the afternoon. I saw a still right there on the place. As to how long ago I was at the home of Charlie Clark and arrested him, it was something right about the first of June, about the 6th or 7th, somewhere along there." Wallace Clark, son of the defendant, testified: " I know Charlie Clark. He is my father. I know about his having a whisky still there on his place. He had it on the edge of the branch there. I seen him operating that still. . . He was making whisky. . . I seen him making that whisky five or six times. I helped him make it. . . As to how long it was that my father was making whisky down there, it was about a week after he come home from the farm, Perry Jenkins' farm. As to whether that has been four or five months, he come home since the middle of March. It was since then that I seen him making the whisky." The defendant was convicted, and filed a motion for a new trial, the grounds of which, besides the usual general grounds, were as follows: " Because the evidence in said case fails to show that the offense charged was committed since the passage of the act of March 28, 1917, under which the indictment was found, as shown in the charge of the court." " Because the evidence fails to disclose that said offense was committed within the statute of limitations, and that it is not barred by the same." " Because the court erred in charging the jury that if they found that the defendant had committed said offense 'at any time after the 28th of March, 1917,' they would be authorized to convict, when said charge should have limited the same to a date prior to the date of the indictment."

*E. C. Collins,* for plaintiff in error.

*J. Saxton Daniel, solicitor,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)

1. " Ordinarily, when a month is referred to, it will be understood to be of the current year, unless from the connection it

appear that another is intended." *Tipton* v. *State,* 119. *Ga.* 304 (2) (46 S. E. 436). See also *Plair* v. *State,* 23 *Ga. App.* 574 (99 S. E. 61), and cit.

2. All the evidence showing that the offense was committed some time during the year 1919 and prior to the finding of the indictment, it was not error harmful to the accused for the judge to charge the jury that they would be authorized to convict the defendant if they found that the offense was committed at any time after the 28th of March, 1917. See *Plair* v. *State,* supra, and cit.

3. There was sufficient evidence to support the verdict, and the court properly overruled the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*