STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ANDREW CALABRESE, PLAINTIFF IN ERROR.

Submitted December 8, 1923—Decided March 24, 1924.

1. On the trial of an indictment involving a sexual crime evidence of prior offenses of like character between the same parties is admissible, notwithstanding that the prior offenses are extraneous.

2. On the trial of an indictment for carnal abuse, the testimony of the prosecuting witness of the payment of money to her by the defendant, some three months after the commission of the offense charged against him, is admissible when it is shown that at the time the payment was made she was pregnant and that the money was given to her as a contribution to the expenses necessarily to be afterward incurred, by her as a result of that pregnancy.

3. On the trial of an indictment for carnal abuse of a female under the age of sixteen years she is a competent witness to prove the fact of her age at the time of the commission of the offense.

4. The averment in an indictment for carnal abuse that the crime was committed on a certain day is altogether formal, as time is not of the essence of the offense committed. *State* v. *Sing Lee*, 94 *N. J. L.* 266, distinguished.

5. Admissions made before trial by the victim of a criminal act are not competent evidence on behalf of the defendant, because there is no such privity between the victim and the state as to render her admissions binding upon the latter.

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff in error, *James Mango*.

For the state, *John O. Bigelow*, prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error, Calabrese, was convicted in the Essex Quarter Sessions upon an indictment charging him with the crime of assault and carnal abuse committed upon one Mary Nixon, a girl over the age of twelve and under the age of sixteen years, on the first day of October, 1922. The present writ of error is sued out to test the validity of the conviction.

The first ground upon which it is contended the conviction before us should be reversed is directed at the admission of testimony given by the complaining witness, showing that the plaintiff in error had had sexual intercourse with her on several occasions prior to the assault alleged in the indictment to have been committed by him upon her. The con-

tention is that evidence of the commission of earlier criminal acts, like those laid in the indictment, between the same parties is inadmissible, and the decision of this court in the case of *State* v. *Lanto,* 98 *N. J. L.* 401, is cited as authority for this proposition. But this doctrine was repudiated by the Court of Errors and Appeals at the November term, 1923, on review of that decision (*ante p.* 94), that court holding that on a prosecution for an offense involving a sexual crime evidence of prior offenses of like character between the same parties is admissible, notwithstanding that the prior offenses are extraneous.

The next ground of reversal is directed at the admission of testimony showing the payment by the plaintiff in error to this girl of a sum of money some three months after the commission of the offense charged against him in the indictment. The argument, as we understand it, is that this payment of money constituted no part of the criminal transaction; that, therefore, it was incompetent, and that its admission tended to create prejudice in the minds of the jurors. We would agree that proof of the payment of money so long after the commission of the offense charged in the indictment, without more, would probably have been incompetent, as the plaintiff in error contends; but in the present case the proofs showed that at the time of the payment of this money the girl was pregnant as the result of her intercourse with him, and that, in this situation, she had called upon him to acquaint him with her condition and to inform him that he would have to take care of her, and that, in response to this statement, he had made the contribution of $5, saying at the same time that if she (the girl) would not tell anybody he would take care of her and pay all her expenses. It is hardly necessary to point out that these facts, taken together, if true, constituted material and cogent evidence of the truth of the charge laid against him in the indictment.

The next ground of reversal is that the court erroneously refused a motion to direct a verdict in favor of the plaintiff in error, based upon the alleged failure of the state to prove

that at the time of the commission of the offense charged against him the girl was under the age of sixteen years. The girl herself had testified that she was not quite fifteen years old at that time; but there was no corroboration of this fact by the testimony of other witnesses, and it is contended that she was not a competent witness to prove the fact. But this contention is in the face of our own decisions. In the case of *State* v. *Huggins,* 83 *N. J. L.* 43, it was held that, in a case like that now under consideration, the complaining witness may testify to her own age when it is essential to prove that she is under the age of consent, and the rule there laid down was affirmed on appeal in 84 *Id.* 255, 261. This rule was later enforced in the case of *State* v. *Girone,* 91 *Id.* 498, where this court in a similar case held that the complainant is competent to testify to her own age, irrespective of the consideration that the fact of age is one of the essentials necessary to be established in order to constitute the crime charged, and that the probative value of such testimony is for the jury to pass upon.

It is further contended that there should have been a verdict directed in favor of the plaintiff in error because of the failure of the state to prove with any certainty the fact that there had been sexual relations between him and this girl on the very day charged in the indictment. But the averment of time is altogether formal, unless the time itself be a legal constituent of the offense (*Ketline* v. *State,* 59 *N. J. L.* 468, 470; *State* v. *Unsworth,* 85 *Id.* 237, 241); and time is not of the essence of the offense except in cases where an act may be innocent if done at one time, but criminal if done at another. It is argued that the decision of the Court of Errors and Appeals in the late case of *State* v. *Sing Lee,* 94 *Id.* 266, had repudiated this doctrine; but an examination of the opinion itself shows that the argument is without merit. In the cited case the indictment charged that the defendant, on the 10th day of June, 1918, did unlawfully and carnally abuse a young girl, under the age of sixteen. The proof failed to show the commission of the offense on the date stated, but did show the occurrence of

sexual intercourse between the parties on the 1st and on the
3d of June. Thereupon the prosecutor of the pleas asked to
amend the indictment by inserting these two dates in the place
of that averred in the indictment, and this was permitted.
A conviction being had on the indictment as amended, the
court of review reversed it, on the ground that the judicial
action complained of was without legal justification because
the allowance of the amendment altered the indictment in
substance by charging the defendant with the commission of
two separate crimes of like character, whereas the present-
ment of the grand jury was predicated only upon the com-
mission of a single offense. There is nothing in this decision
which even suggests a repudiation of the doctrine laid down
in the earlier cases to which we have referred.

The only other ground of reversal is directed at the alleged
erroneous exclusion of a conversation had by a Mrs. Maffucci
with the girl's aunt, in the presence of the girl herself, and
which was offered to be proved by the plaintiff in error. The
purpose to be accomplished by the introduction of this testi-
mony was not indicated to the trial court, nor are we told
by counsel in his brief why its exclusion was erroneous. It
certainly was not competent for the purpose of impeaching
her credibility, so far as the record shows, for her attention
had not been directed on her examination to any such con-
versation. Nor was it competent to prove the conversation
as an implied admission by her of the facts stated in it;
for admissions made before trial by the victim of a criminal
act are not competent evidence in behalf of the party charged
with the commission of the crime, the reason being that there
is no such privity between the victim and the state as to
render her admissions binding upon the latter. *State* v.
*Brady,* 71 *N. J. L.* 360; *State* v. *Hummer,* 72 *Id.* 328.

Finding nothing of merit in any of the assignments of
error or grounds of reversal, the conviction under review will
be affirmed.