STATE OF MAINE *vs.* EMILE J. BEAUDOIN.

Somerset.        Opinion, February 9, 1932.

*Thomas A. Anderson,* County Attorney for State.
*James H. Thorne,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

PATTANGALL, C. J.    On exceptions. Respondent was tried on an indictment charging him with illegal transportation of liquor, containing also an allegation of a former conviction for the same offense. The exceptions are (1) to the refusal of the presiding Justice to direct a verdict of not guilty; and (2) to the following instruction given to the jury:

"The fact of a previous conviction is introduced in this case for two purposes. Ordinarily the fact of a previous conviction can only be introduced for the purpose of impeaching the credibility of a witness. That is upon the theory that a witness who has once been convicted of a crime is not so likely to tell the truth in the testimony which he gives, as a witness who has never been convicted of crime. The testimony of a previous conviction bears upon that question and you should take that fact into account in weighing the testimony of the respondent.

"It is also introduced to substantiate the charge in the complaint that this is in fact the second commission of an offense of the same nature. You will take it into account so

far as it has any bearing upon the charge in the complaint that this is in fact a second offense."

It is to the second paragraph of this excerpt from the charge that respondent objects.

The first exception needs little consideration. There was ample evidence justifying a verdict of guilty. It was plainly the duty of the presiding Justice to submit the case to the jury.

In considering the second exception, our attention is called to Sec. 21, Chap. 127, R. S. 1930, which provides that when a person is charged with a violation of the state prohibitory law and has, to the knowledge of the officer preparing the complaint or indictment, been previously convicted of a similar offense, it shall be the duty of such officer to include in the complaint or indictment a specific allegation of the former conviction. Sec. 3 of the same chapter provides additional punishment when such previous conviction is proved.

Counsel for respondent argues that it was error to call the attention of the jury to the allegation of a prior conviction and to require a finding as to that fact. The brief states, "It is of no concern to the jury how many times the respondent has previously been convicted of a like offense."

But the respondent had entered a plea of not guilty. It was incumbent on the State to prove every material allegation in the indictment in order to justify the jury in bringing in a verdict of guilty. Respondent was not only charged with illegal transportation of liquor, he was charged with having been previously convicted of a similar offense and therefore liable to additional punishment. Two issues were raised, namely, the immediate infraction of law and the fact of a prior conviction. *State* v. *Gordon*, 35 Mont., 458, 90 Pac., 173; *People* v. *Ross*, 60 Cal. App., 163, 212 Pac., 627; *State* v. *Zink*, 102 W. Va., 619, 135 S. E., 905.

Before he could be subjected to an enhanced punishment for a second violation of law, his guilt on the principal charge must be proved, and also the fact of former conviction. *Singer* v. *United States*, 278 Fed., 415; *Thompson* v. *State*, 66 Fla., 206, 63 So., 423; *McKiney* v. *Com.*, 202 Ky., 757, 261 S. W., 276.

In *State* v. *Livermore*, 59 Mont., 362, 196 Pac., 977, it was held that there must be proof of a former conviction on a charge of second or subsequent offense and the proof must be beyond a reasonable doubt. To the same effect are *People* v. *Price*, 6 N. Y. Crim. Rep. 141, 2 N. Y. Supp., 414; *State* v. *Barnhardt*, 194 N. C., 622, 140 S. E., 435; *Byler* v. *State* (1927 Ohio App.), 157 N. E., 421; *Thurpin* v. *Com.*, 147 Va., 709, 137 S. E., 528.

It is not sufficient to merely introduce the record of the conviction of a person bearing the same name as defendant. The identity of the person named in the record and the prisoner must be shown. In some jurisdictions it is held that such a record is *prima facie* proof of identity; *State* v. *Livermore*, supra; *Belcher* v. *Com.*, 216 Ky., 126, 287 S. W., 550; but in *State* v. *Smith*, 129 Iowa, 709, 106 N. W., 107, the Court held that although the statute declared that authenticated copies of the alleged prior judgment constituted *prima facie* evidence thereof, yet the State's case did not rest there; that it was still incumbent on the State to prove the identity of the accused and the person named in the record. In *State* v. *Bizer*, 113 Kan., 731, 216 Pac., 303, a similar view is expressed.

The leading case in our own state in which these questions have arisen is *State* v. *Lashus*, 79 Me., 504. In that case a prior conviction was alleged. The plea was not guilty. The record of a conviction of a person whom the prosecution appears to have assumed to have been the accused because of the names being the same was offered and admitted. The trial judge instructed the jury that "if they were satisfied beyond a reasonable doubt, from all the evidence introduced before them, that the defendant had, during any portion of the time named in the indictment, been engaged in selling intoxicating liquors as a business, they should return a verdict of guilty." He failed to instruct them that they need give any consideration to the question of whether or not the prior conviction was sufficiently proved. The Court said, "It may be true that so far as the sufficiency and legal effect of the record are involved, a question of law only is presented. But the identity of the defendant on trial, with the person named in the record, is a question of fact."

There is no merit in the second exception. The instruction of which respondent complains was not only correct in law but it was

necessary to safeguard his rights. To have omitted it would have constituted reversible error.

*Exceptions overruled.*
*Judgment for the State.*