**STATE of Maine**

v.

**Nathaniel M. HATHORNE.**

Supreme Judicial Court of Maine.

May 24, 1978.

Thomas E. Delahanty, II, Dist. Atty., Auburn, Althea Lincoln Foreburg (orally), Legal Intern, for plaintiff.

Daniel J. Murphy, Lewiston (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

By an indictment returned on September 13, 1976 to the Superior Court (Androscoggin County) defendant Nathaniel M. Hathorne was charged with having committed the crime of terrorizing, in violation of 17–A M.R.S.A. § 210. Tried before a jury, defendant was found guilty as charged. Defendant has appealed from the judgment of conviction.

On August 20, 1976, Mrs. Rona Cooper reported to the Lisbon Police that defendant had threatened to kill her. Mrs. Cooper, having possession of a gun, followed the advice of the police that she lock herself in her home for the night. In the early morning of August 21, 1976, defendant broke into Mrs. Cooper's house, went to the locked door of her bedroom, and said to her: "If you don't open the door, I'm going to kill you anyway." Mrs. Cooper refused to

open the door and defendant broke it open. Mrs. Cooper fired a shot at defendant and he fled.

We deny defendant's appeal, finding it appropriate to give extended consideration to three, of the several, points of appeal raised by defendant.

*1.*

Defendant contends that the Justice presiding in the Superior Court erred in allowing the State to amend the indictment on the day of trial.

As returned by the grand jury, the indictment charged that the terrorizing offense had occurred "on or about the 21st day of August", no mention being made of the year.[1] At the commencement of trial, over objection by defendant, the State was permitted to amend the indictment to supply "1976" as the year in which the offense was committed.

If committed on August 21, 1976, the offense of terrorizing was a Class C crime punishable, under 17–A M.R.S.A § 1252, by a definite period of confinement not to exceed 5 years.[2] Accordingly, under the mandate of Article I, Section 7 of the Constitution of Maine the prosecution of a defendant for committing the offense of terrorizing on August 21, *1976* can be only upon the indictment returned by a grand jury. Here, then, the issue is: was the instant prosecution upon that *indictment* which the *grand jury* had returned.

Prior to 1877, particular statutes authorized the amendment of various types of criminal process as to matters of form. See, e. g., *State v. Hall,* 78 Me. 37, 2 A. 546 (1885); *State v. Smith,* 54 Me. 33 (1866). Commencing in 1877, the Legislature also directed its attention to indictments and authorized the amendment of indictments in matters of form, without need for resubmitting them to the grand jury, at any time prior to final judgment. P.L. 1877, Chapter 189 § 10. Subsequently, the Legislature went further to authorize the amendment of indictments even in matters of substance—except in cases of capital or infamous crimes and except where amendment would affect the nature of the charge. P.L. 1927, Chapter 133, § 13. The first exception for "capital or infamous" crimes [3] was necessary to avoid contravention of the mandate of Article I, Section 7 of the Maine Constitution that "capital or infamous" crimes be prosecuted by the indictment of a grand jury; to amend the indictment *in substance,* without resubmitting it to the grand jury, would cause the indictment to be other than the one returned by the grand jury. See *State v. Child,* 158 Me. 242, 182 A.2d 675 (1962); *State v. Mottram,* 155 Me. 394, 156 A.2d 383 (1959). The second exception, applicable to amendments in substance of indictments charging crimes

---

1. As originally returned the indictment read: "On or about the 21st day of August, at Lisbon, County of Androscoggin, State of Maine, the above-named defendant, Nathaniel M. Hathorne did communicate to another person, namely, Mrs. Rona Cooper, a threat to commit a crime of violence dangerous to human life, namely that he was going to kill her and her children, the natural and probable consequence of said threat being to place Mrs. Rona Cooper in reasonable fear that said crime would be committed."

2. In 1977, the Legislature amended the terrorizing statute to provide that a violation of § 210(1)(A) is a Class D crime which is punishable by a definite period of less than one year. P.L. 1977, Chapter 510, § 45.

   Although as to such Class D crime the Maine Constitution does not require that prosecution be upon the indictment of a grand jury, the

Legislature has nevertheless prescribed in 15 M.R.S.A. § 701:

   "No person shall be held to answer in any court for an alleged offense, unless on an indictment found by a grand jury, except for contempt of court and in the following cases:
   "*1. Information.* When prosecutions by information are expressly authorized by rule of court.
   "*2. District Courts and courts martial.* In proceedings before the District Court, the District Court acting as a juvenile court and courts martial."

3. In *State v. Vashon,* 123 Me. 412, 123 A. 511 (1924), this Court had ruled that a felony was an infamous crime under Article I, Section 7 of the Constitution. In 1949 the term felony was substituted for the phrase "capital or infamous crime" in the statute pertaining to the amendment of indictments. P.L. 1949, Chapter 140.

other than those "capital or infamous", as to which other crimes there is no constitutional mandate for prosecution by indictment, was a limitation imposed as a policy choice of the Maine Legislature.

Such legislative authorization for the amendment in both form and substance of indictments, as well as any other criminal process, had been comprehensively embodied, as of 1965, in the provisions of 15 M.R.S.A. § 754:

"Any criminal process may be amended, in matters of form, at any time before final judgment. Any complaint, indictment or other criminal process for any offense, except for a felony, may be amended in matters of substance, provided the nature of the charge is not thereby changed."

In 1965, however, with the adoption of the Maine Rules of Criminal Procedure, 15 M.R.S.A. § 754 was repealed (P.L. 1965, Chapter 356, § 26) are thereby all statutory authorization for the amendment of any criminal process whatever, including indictments, and whether as to form or substance, was terminated. In place thereof came Rule 7(e) M.R.Crim.P., referring expressly only to the amendment of an information or complaint and silent as to the amendment of indictments.[4]

The Reporter's Notes to Rule 7 M.R. Crim.P., say:

"Subdivision (e) permits amendment of an information but not of an indictment. At present [prior to the adoption of the Rules], 15 M.R.S.A. § 754 would seem to prevent amendment of either an information or an indictment. The reason for preventing amendment of an indictment is that it is the process of the grand jury and if it is to be amended it should be sent back to the grand jury for issuance of a new indictment. The same policy would not seem to obtain on amendment of an information. Either an information or an indictment may be amended as to form, *State v. Child,* 158 Me. 242, 182 A.2d 675 (1962)."

4. Rule 7(e) M.R.Crim.P., states:
"The court may permit an information or complaint to be amended at any time before

Arguably, the reporter wrongly relied on *State v. Child,* supra, as authority for the pronouncement that subsequent to 1965 an indictment may be amended as to form. In *Child* the Court expressly referred, and seemed to be acting pursuant, to the *statutory* authorization for amendment of indictments as to form. Thus, *Child* did not really address the issue whether in the absence of such statutory authorization the exercise of judicial power may appropriately establish a public policy authorizing the amendment of indictments as to form. Without statutory authorization, some courts have expressed concern about judicial authority to authorize even the mere formal amendment of indictments without resubmission to the grand jury. See appropriate cases collected in Annot. 17 A.L.R.3d 1181. In cases decided since 1965, after all statutory authorization for the amendment of indictments had been repealed, this Court has reiterated the prior rule that an indictment may be amended as to form without need to resubmit it to the grand jury. *State v. Larrabee,* Me., 377 A.2d 463, 465 (1977); *Prior v. State,* Me., 265 A.2d 486 (1970). The Court, however, did not mention the 1965 repeal of the statutory authorization for the amendment of indictments, and the opinions did not purport to address the issue whether, absent statutory authorization, it is appropriate for the judiciary to formulate by judicial decision a policy as to the amendment of indictments in matters of form.

■ Here, we have directly faced this question and, having considered it, we now reaffirm the import of *Larrabee* and *Prior.* Asserting that it is an appropriate exercise of judicial power to formulate by judicial decision a policy as to the amendment of indictments in form, we decide that where no prejudice to the defendant will result an indictment may be amended at trial in matters of form without need for resubmission of the indictment to the grand jury.

verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

Turning to the amendment of the indictment allowed in the instant case, we conclude that it was an amendment as to form and was therefore properly allowed at trial, no prejudice to defendant being apparent.[5]

In *State v. Mottram*, 155 Me. 394, 402, 156 A.2d 383 (1959), while indicating that special circumstances might make an averment as to time a matter of substance, we stated that such an allegation ordinarily involves only a matter of form.[6] *Mottram* itself dealt with an indictment charging the crime of larceny with an allegation of a prior conviction which, if proved, resulted in an enhanced punishment. The indictment had originally charged June 15, 1952 as the date of Mottram's prior conviction. On the day of the trial, the indictment was amended to charge June 17, 1952 as the date of the prior conviction. We decided that the amendment was as to form since the alteration of the date of the day, the time having been adequately charged in the first instance, did not affect any matter essential to the charges as made by the grand jury.

The present situation is similar. Before it was amended, the indictment contained allegations sufficient to set forth all matters necessary to constitute the crime of terrorizing *as defined by 17-A M.R.S.A. § 210. State v. Porter*, Me., 384 A.2d 429 (1978). This statute became effective as law in Maine by the enactment of the Criminal Code on May 1, 1976. Hence, that the grand jury couched the accusations of the indictment in the language used by 17-A M.R.S.A. § 210 and dated the indictment as of September 13, 1976 plainly manifests intendment by the grand jury to allege that defendant committed the offense charged against him *after 17-A M.R.S.A. § 210 had become law*—that is, in the year 1976, between May 1, the effective date of 17-A M.R.S.A. § 210, and September 13, the date of the indictment. In these circumstances, then, in which the amendment inserting the year "1976" merely made explicit what was in any event plainly implicit, the amendment was only as to form, see *Clark v. State*, 25 Ga.App. 234, 102 S.E. 914 (1920), and was properly allowable at trial.

### 2.

Defendant contends that the presiding Justice erred in admitting in evidence certain photographs not disclosed by the State prior to trial. The photographs, which depicted the broken doors at Rona Cooper's house, were first brought to the attention of the prosecutor on the morning of the trial. They were immediately shown to defense counsel. At trial, the presiding Justice denied defendant's motion for a continuance as well as defendant's timely objection to the admission of the photographs in evidence.

Defendant's contention fails. The admission of the photographs caused no prejudice

---

5. Because of this decision, and because we are here dealing with a Class C crime, we have no present occasion to address the question whether, after the repeal in 1965 of 15 M.R.S.A. § 754, a policy may be established through the exercise of judicial power to allow the amendment of indictments in matters of substance in those cases in which the Constitution of Maine does not mandate that prosecution be by the indictment of a grand jury—i. e., indictments charging a Class D or E, or other misdemeanor, offense.

The answer to such question would involve evaluation of whether the judicial allowance of such an amendment procedure would conflict with the *legislatively* established policy declared in 15 M.R.S.A. § 701 (see n. 2, supra) requiring all original prosecutions in the Superior Court to be upon the indictment of a grand jury. In this connection, we should note that the purported amendment as to a matter of substance which was held erroneous in *Little v. State*, Me., 303 A.2d 456 (1973) was to an indictment charging a *felony*, the indictment thus being *constitutionally*, not legislatively, mandated.

6. As the Court stated:

"'[T]he averment of time is altogether formal, unless the time itself be a legal constituent of the offense . . . and time is not of the essence of the offense except in cases where an act may be innocent if done at one time, but criminal if done at another.' *State v. Calabrese*, 99 N.J.L. 312, 124 A. 54 at page 55. . . . For example, when . . . the changing of a date creates an offense when the date before being changed does not, then the allegation of time takes on the quality of substance." (155 Me. at 402, 156 A.2d at 387)

to defendant. *State v. LeClair,* Me., 382 A.2d 30 (1978). They depicted the broken door frame in Rona Cooper's house. Since Rona Cooper testified that the bedroom door had been broken and defendant himself admitted pushing down the door to Rona Cooper's bedroom, the photographs were merely cumulative evidence.

### 3.

Defendant claims that it was error for the presiding Justice to allow the State, in cross-examination of defendant, to seek to impeach defendant's credibility by bringing out that defendant had previously been convicted of the crimes of aggravated assault and making a threatening communication. Defendant did not object at trial to such questioning or the testimony elicited by it. Indeed, it was the State which, on its own motion, took the precaution to ask the presiding Justice to instruct the jury that it could consider this testimony as bearing only on defendant's credibility as a witness. In these circumstances defendant's present claim may be given appellate cognizance only if the error alleged—if error there was [7]—deprived defendant of a fair trial. No such showing has been made.

The entry is:

Appeal denied.

Judgment affirmed.

DELAHANTY, J., did not sit.

7. Where, as here, the prior conviction is of a crime which in its substantive nature has little bearing on credibility and is closely similar to the crime for which defendant is being tried, the Court may commit error if it fails to recognize that the danger of unfair prejudice may outweigh the probative value of the prior conviction in relation to credibility. See *State v. Roy,* Me., 385 A.2d 795 (1978); *State v. Pinkham,* Me., 383 A.2d 1355 (1978).