**STATE of Maine**

v.

**Patrick MARTEL.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 4, 1989.

Decided Dec. 29, 1989.

Mary Tousignant, Dist. Atty., Kathryn Loftus, Asst. Dist. Atty., Alfred, for plaintiff.

George F. Wood, Wood & Van Houten, Sanford, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

Patrick Martel's sole challenge on appeal from a judgment entered on a jury verdict in the Superior Court (York County, *Lipez, J.*) finding him guilty of operating a motor vehicle while a habitual offender, 29 M.R. S.A. § 2298 (Pamph.1988), is to the sufficiency of the evidence establishing his identity. Because we find that the State failed to establish that Martel's name and date of birth were the same as that of the habitual offender whose privilege to operate a vehicle had been revoked, we vacate the judgment.

On March 8, 1988, an indictment was returned against Martel charging him with a violation of section 2298. At trial, a Sanford patrolman testified that he stopped Martel's pickup truck on December 17, 1987 after it made an unsafe turn causing another vehicle to brake. The officer saw four people in the truck's cab who appeared to be exchanging positions upon noticing the patrol car. The officer testified that he recognized Patrick Martel from a 1986 court appearance as one of the truck's occupants. He also stated that he and Martel had had no contact between 1986 and this incident. Testifying that he called the defendant "Patrick," the officer stated that the defendant had volunteered that he was not driving.[1] Martel refused to produce identification or tell the officer his date of birth. The officer requested the police dispatcher to run a "page" through the division of motor vehicles' computer using the name "Patrick Martel." In response, the officer was given a birth date

---

**1.** Another witness testified that Gary Fortier, one of Martel's companions in the pickup truck, told her he was not driving but that he was going to say he was because he was the only person in the vehicle with a valid license. On the witness stand, Fortier denied having this conversation and testified that he was driving the pickup truck at the time of the offense.

of April 30, 1960 and was told that Martel's license had been revoked due to his status as an habitual offender. The patrolman then arrested Martel. The Secretary of State's certificate, introduced into evidence, stated that the operator's license of a Patrick R. Martel born on April 30, 1960 "was revoked as an Habitual Offender effective May 19, 1983."

To establish beyond a reasonable doubt that Martel was a habitual offender under section 2298, the State must prove that Martel operated a motor vehicle on a public way at a time when his license to operate a motor vehicle had been revoked. 29 M.R.S.A. § 2298. This requires proof that the defendant was subject to a "then effective order" under the Habitual Offender statute. *State v. Vosmus,* 431 A.2d 621, 623 (Me.1981). The official Certificate of the Secretary of State notifying an individual that his operator's license has been revoked contains only the individual's name and date of birth.[2] The State must therefore link the defendant to these two items of identification by evidence sufficient to support such linkage beyond a reasonable doubt. *State v. Beaudoin,* 131 Me. 31, 34, 158 A. 863, 864 (1932).

Although it is true that the State may establish the identity of the accused through purely circumstantial evidence, *State v. Guptill,* 481 A.2d 772, 775 (Me. 1984), the evidence in this case fails to prove Martel's identity beyond a reasonable doubt. In *State v. Mottram,* 155 Me. 394, 156 A.2d 383 (1959), we determined that identity of name would not be sufficient to uphold a criminal conviction, "[t]here must not only be proof of identity of name but of person." *Mottram,* 155 Me. at 405, 156 A.2d at 389. In such cases, "identity of name is not sufficient to establish the identity of accused with that of the one previously convicted; it must be supplemented by other proof." *Id.* at 406, 156 A.2d at 390 (quoting 24 C.J.S., *Criminal Law* § 1968 at 1165).

In the instant case, the State produced evidence as to some suspicious circumstances regarding the status of Martel's operator's license at the time of the stop. The State, however, neither established that Patrick Martel was the Patrick R. Martel named in the Secretary of State's certificate nor that Patrick Martel was born on April 30, 1960. Although jury members may rely on their own observations of the defendant in the courtroom to infer from his appearance facts relating to his age, *State v. Lyons,* 466 A.2d 868, 871 n. 2 (Me.1983), no jury could observe the Patrick Martel before the court and infer that he was born on April 30, 1960. Accordingly, we conclude that based on the evidence in this case no jury could have rationally found that the offense charged was proven beyond a reasonable doubt.

The entry is:

Judgment vacated. Remanded to the Superior Court for entry of judgment of acquittal of Patrick Martel.

ROBERTS, WATHEN and CLIFFORD, JJ., concur.

COLLINS, Justice, with whom McKUSICK, C.J., and HORNBY, J., join, dissenting.

After a jury trial, the Superior Court (*York County, Lipez, J.*), convicted Patrick Martel as an habitual offender under 29 M.R.S.A. § 2298 (Pamph.1988). Today, this Court vacates the conviction on the ground that insufficient evidence was submitted for the jury to find Martel guilty beyond a reasonable doubt. I cannot agree that the evidence was insufficient to support the jury verdict, and I respectfully dissent.

It is well established that we can set aside a conviction only if no trier of fact rationally could have found the elements of the crime beyond a reasonable doubt. *State v. Barry,* 495 A.2d 825, 826 (Me. 1985); *State v. Brewer,* 505 A.2d 774, 775

2. 29 M.R.S.A. § 2298(3) provides:

    **3. Presumption of Identity.** If the name and date of birth of the person being prosecuted under this section are the same as the

habitual offender whose privilege to operate has been revoked, then there shall be a presumption that that person is the same person whose license was revoked under this chapter.

(Me.1985). This Court's reversal is inappropriate because examination of the evidence demonstrates that the jury in this case could rationally have found beyond a reasonable doubt that Martel operated a motor vehicle on a public way at a time when his license to operate a motor vehicle had been revoked. The official Certificate of the Secretary of State notifying Martel that his operator's license had been revoked was in evidence. The first page of this certificate contains both the name "Patrick R. Martel" and the date of birth "April 30, 1960." This certificate, unrebutted, is sufficient evidence to allow a jury to find that the suspension element of the offense was proved beyond a reasonable doubt. *State v. Fenderson*, 449 A.2d 381, 383 (Me.1982). As part of its case, however, the State must also prove beyond a reasonable doubt that the individual named in the Certificate is the defendant. *State v. Beaudoin*, 131 Me. 31, 34, 158 A. 863, 866 (1932). Martel's appeal hinges upon whether sufficient evidence identifying the defendant as the Patrick R. Martel designated by the certificate was presented to the jury. Clearly, the name in the Secretary of State's certificate alone is insufficient to link Martel to the document. *State v. Mottram*, 155 Me. 394, 156 A.2d 383 (1959) (identity of name is insufficient to support conviction without supplemental proof). Nevertheless, the identification of the accused is an issue of fact that is properly submitted to the jury, *State v. Guptill*, 481 A.2d 772, 775 (Me.1984), and the State may supplement identity of name to establish the identity of the accused through purely circumstantial evidence. Id.

The evidence submitted to the jury linking Martel to the certificate included the police officer's statements that at the scene of the arrest the officer recognized Martel, called the defendant by his first name, and knew that Martel's driver's license had been suspended in the past. Further evidence demonstrated that Martel was the owner of the motor vehicle that was stopped, and that the arresting officer saw the people in the front seat of the stopped vehicle changing places when the officer pulled the vehicle over. This evidence demonstrates that Martel had reason to desire not to be identified as the driver of the motor vehicle, even though the vehicle belonged to him. Upon exiting the vehicle, Martel told the officer in an unsolicited remark that he was not driving. "The [defendant] doth protest too much, methinks."[1] Another witness testified that the companion in the front seat who took the wheel did so because the companion was the only one with a valid license. Finally, "[j]urors are at liberty to use their senses of observation and draw inferences as to the age of an accused or witness from his physical appearance, and such will fill the evidentiary void otherwise present where no verbal or written testimony of age is introduced into the evidence." *State v. Rowe*, 238 A.2d 217, 222 (Me.1968). See also *State v. Dorathy*, 132 Me. 291, 293–95, 170 A. 506, 508 (1934) (permitting jurors, in the absence of verbal or written testimony as to the age of the defendant, to rely upon their observations to infer age where age must be proved by the state beyond a reasonable doubt); *State v. Lyons*, 466 A.2d 868, 870–71 n. 2 (Me.1983).

At trial, after the Superior Court gave the jury proper instructions regarding the State's burden of proof, all of this evidence was submitted to the jury. Because the jury could rationally determine from this evidence all elements of the crime beyond a reasonable doubt, the conviction should not be vacated by this Court. *Brewer*, 505 A.2d at 775.

---

1. W. Shakespeare, *Hamlet*, III, ii, 242.