STATE of Maine

v.

**Michael C. LILJA.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 4, 1990.

Decided Feb. 12, 1990.

Janet T. Mills, Dist. Atty., Farmington, for the State.

William Maselli, Andover, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

ROBERTS, Justice.

Michael C. Lilja appeals his conviction of burglary and Class D theft. 17–A M.R.S.A. § 401 (1983 and Supp.1989), in Superior Court (Franklin County, *Chandler, J.*). Lilja challenges the sufficiency of the evidence against him and the action of the court in permitting the State to amend count two of the indictment. We affirm the judgments.

The State concedes, as it must, that the amendment added an essential element to an otherwise defective charge of theft. The original indictment failed to allege that Lilja acted with intent to deprive the owner of its property. Lilja acknowledges that the court's action does not impair his constitutional right to indictment. Instead he relies on the statutory limitation contained in 15 M.R.S.A. § 701 (1980 & Supp.1989).[1]

Lilja cites our discussion in *State v. Hathorne,* 387 A.2d 9, 13 n. 5 (Me.1978) concerning "the legislatively established policy ... requiring all original prosecutions in the Superior Court to be upon indictment by a Grand Jury." In *Hathorne,* because

---

1. 15 M.R.S.A. § 701 provides:
   No person shall be held to answer in any court for an alleged offense, unless on an indictment found by a grand jury, except for contempt of court and in the following cases:
   **1. Information.** When prosecutions by information are expressly authorized by rule of court; or

**2. District Courts and courts martial.** In proceedings before the District Court acting as a juvenile court and courts martial.

we were concerned with an indictment for a Class C crime, we declined to address the question whether the judicial power could be exercised to permit a substantive amendment of indictments charging Class D or E offenses in apparent conflict with the legislative policy. Lilja's argument, however, fails to consider the effect of rule amendments adopted subsequent to our opinion in *Hathorne*.

In 1980 the Supreme Judicial Court amended M.R.Crim.P. 7(a) by adding the present second paragraph, Me.Rptr., 413–417 A.2d XXXVII. That amendment permits the State to originate Class D or E prosecutions in the Superior Court without the necessity of a defendant's waiver of indictment. The purpose of the amendment was to permit the prosecution to proceed with leave of court when proceedings against the defendant were already pending in the Superior Court. The concerns we expressed in *Hathorne* are resolved by permitting the origination of Class D and E prosecutions by information in accord with 15 M.R.S.A. § 701(1).

Because legislatively established policy now permits the initiation of prosecution in these circumstances, we conclude that the error, if any, in permitting an amendment to properly charge an offense was harmless. No substantial right of the defendant was prejudiced nor does he suggest any surprise or hinderance in preparing his defense.

Finally, we conclude that the evidence presented at trial was sufficient to support the jury's finding of guilt beyond a reasonable doubt. *See State v. Barry*, 495 A.2d 825, 826 (Me.1985).

The entry is:

Judgments affirmed.

All concurring.