**STATE of Maine**

v.

**Richard L. LEWIS.**

Supreme Judicial Court of Maine.

April 29, 1977.

Joseph M. Jabar, Dist. Atty., J. William Batten, Asst. Dist. Atty., Augusta, for plaintiff.

Malcolm L. Lyons, Augusta, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

PER CURIAM.

Convicted following a jury trial for violating 17 M.R.S.A. § 3152,[1] the defendant has appealed, claiming (1) insufficiency of the evidence and (2) that the Justice below instructed the jury erroneously on the meaning of "reasonable doubt." We deny the appeal.

■ The record contained facts which, if believed, would justify the verdict despite defense testimony interposing a claimed alibi. The definitive testimony of the victim found partial corroboration by her immediate complaints after the occurrence of the episode, a medical examination, and her unquestionably valid out of court as well as in court identification of the defendant as the perpetrator of the crime. Conversely, the alibi evidence was of doubtful credibility and, additionally, was inconclusive. The jury faced a typical factual dispute which it resolved in favor of the State. *State v. Prudenzano,* 365 A.2d 418, 419 (Me.1976). It lies solely within the province of the jury to make the ultimate determination on the believability of evidence. *State v. McFarland,* 369 A.2d 227, 229 (Me.1977). *See also State v. Heald,* 367 A.2d 1372, 1374 (Me. 1977).

■ The defendant did not object to the instruction concerning reasonable doubt, thus preserving for review only the issue of whether the definition as given was so erroneous as to constitute manifest error. *State v. Boisvert,* 236 A.2d 419, 422 (Me. 1967). Rule 52(b), M.R.Crim.P. We have recognized repeatedly that there is no standard definition of "reasonable doubt" and have refused to adopt any. Although the Justice below used negative language in

---

1. "Whoever, having attained his 18th birthday, has carnal knowledge of the body of any female child who has attained her 14th birthday but has not attained her 16th birthday shall be punished by a fine of not more than $500 or by imprisonment for not more than 2 years. . . ."

discussing the concept, we find no error therein.[2] *State v. McKeough*, 300 A.2d 755, 761 (Me.1973). *Cf. State v. Palumbo*, 327 A.2d 613, 616 (Me.1974).

The entry is:

Appeal denied.

All Justices concurring.

**2.** "Now, what is that burden? We have discussed this in other cases too. That burden is to prove to you beyond a reasonable doubt. Now, you know we are not talking about beyond all doubt, we are not talking about mathematical certainty, we are talking about a reasonable doubt. We are not talking about maybe, or possibly, or even probably. We are talking again, beyond a reasonable doubt. And so, you will make a judgment, having heard all the evidence, whether or not you are satisfied that the State has carried its burden."