STATE of Maine

v.

Kevin W. BROUCHER.

Supreme Judicial Court of Maine.

July 25, 1978.

Charles K. Leadbetter (orally), Asst. Atty. Gen., Auguta, for plaintiff.

Stanley W. Brown, Jr., Belfast (orally), for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

The Defendant brings this appeal from a judgment of conviction for burglary[1] entered on a jury verdict in Superior Court in Waldo County. As issues on appeal, the Defendant argues (a) that it was error to allow an in-court identification of him by the chief prosecution witness, and (b) that the evidence was insufficient to support the jury verdict.

We deny the appeal.

The indictment, in pertinent part, read as follows:[2]

That Kevin W. Broucher . . . on the 14th day of August, 1976 at Belmont . . . did enter a dwelling place, the property of Roger Ryan, knowing that he was not licensed or privileged to do so, with intent to commit theft therein.

In the late afternoon of the date in question, Deputy Sheriff Roland Morang noticed two motor vehicles stop in front of the home of his neighbor, Roger Ryan, and he observed activities which aroused his suspicions to the point where he decided to "check things out."

Insofar as it relates to this Defendant,[3] the evidence showed that Deputy Sheriff Morang noticed that the door to the Ryan home was open, although the Ryans did not appear to be at home. Upon investigating, Morang confronted an individual in the house carrying four weapons, a television, and a piggy bank. When Morang inquired of the individual as to what he was doing, the reply was that he knew the occupants and was taking the things. When Morang identified himself, and informed the individual he was under arrest, the individual pointed one of the weapons he was carrying at Morang. A struggle ensued and the individual was disarmed. However, because he was unarmed[4] and outnumbered, Morang was unable to prevent the individual from departing with the others.

I.

At trial, after a hearing out of the presence of the jury, Morang was permitted by the presiding justice to testify that the individual whom he confronted in the Ryan residence was the Defendant. The propriety of that ruling is the first issue to be considered here.

Due process requires that an in-court identification of a defendant by a witness should not be allowed if such identification is tainted by an impermissibly suggestive pre-trial line-up, show-up or photographic identification unless the in-court identification has an independent source. See *State v. Colby*, Me., 361 A.2d 256, 260 (1976). Here, Deputy Sheriff Morang first identified the Defendant from a photograph; approximately one month after the alleged burglary, Morang identified the Defendant in person at his arraignment.[5] The State concedes that the identification procedures utilized here were suggestive. However, suggestive pre-trial identification procedures do not *per se* prevent in-court iden-

1. 17–A M.R.S.A. § 401.

2. In his brief on this appeal, the Defendant is identified as Kevin Brochu whereas references in the record below are, with one exception, to Kevin Broucher. Since the issue of misnomer was neither included in the record below nor briefed to this Court, we will assume it has been waived. Cf. *State v. Mockus*, 120 Me. 84, 98, 113 A. 39 (1921); see II Wharton's Criminal Procedure (12th ed. 1975) § 371.

3. There was testimony that a total of four individuals were observed in relation to the vehicles and the Ryan residence.

4. The transcript indicates that when Morang pointed the seized weapon at the intruder, it was ignored because it turned out to be unloaded.

5. The justice presiding at trial also presided at the Defendant's arraignment. Because the name issue mentioned in footnote 2 was apparently raised at arraignment (although no dismissal motion was ever made), Deputy Sheriff Morang was called to testify at the arraignment and the presiding justice apparently had an independent memory of that identification. Whether the justice's witnessing of that identification would be sufficient in itself to support admission of the in-court identification, we are unable to say; however, the unsatisfactory state of the record here underscores the need for explicit on the record findings. See *State v. Colby, supra*, 361 A.2d at 262.

tification. See *Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411 (1972).

▮ Thus, this issue presents two further questions: (1) whether the pre-trial identifications were so suggestive as to be inherently unreliable; and (2) if so, whether the in-court identification had an independent source. See *State v. Boyd,* Me., 294 A.2d 459, 466 (1972). The answers to these questions should have been determined in the first instance in the court below by explicit findings on the record by the presiding justice. *State v. Colby, supra; State v. Caplan,* Me., 353 A.2d 172, 175 (1976). We cannot emphasize too strongly the importance of making those findings.[6]

▮ However, in the absence from the record of such findings, we have reviewed the record in its entirety to determine whether the in-court identification was improperly allowed. Although it is not the preferred practice, we can make such a determination. *State v. Rowe,* Me., 314 A.2d 407, 415 (1974), *State v. Colby, supra,* 361 A.2d at 260. We are entitled to assume that the presiding justice found for the prosecution upon all issues of fact necessarily involved in the ultimate decision which was adverse to the Defendant. *State v. Walker,* Me., 341 A.2d 700, 702 (1975).

> Our review of the Justice's finding . . proceeds on the basis that the presiding Justice must be sustained if, in accordance with the correct legal principle . . there is evidence providing rational support for the conclusion he reached. *State v. Farley,* Me., 358 A.2d 516, 519 (1976).

Without reaching the issue of whether the photographic and personal "show-ups" were so suggestive as to be inherently unreliable, we conclude that there was evidence from which the presiding justice could have found that Deputy Morang's in-court identification had as an independent source the confrontation in the Ryan home, untainted by any improper viewing. See *State v. Rowe, supra,* 314 A.2d at 415.

▮ Deputy Morang testified that his confrontation with the Defendant at the Ryan's lasted six or seven minutes. It was at close proximity in good late-afternoon natural light. The record discloses that later that same afternoon, Deputy Morang identified two of the other individuals whom he had earlier seen in the vicinity of the Ryan home. The record does not suggest any misidentification as to these individuals. Although his testimony was subject to strong cross-examination, Deputy Morang never wavered in his identification of the Defendant as the intruder. Moreover, he testified that he would have recognized the Defendant at trial in any event even if he had not seen any picture of him. Judged by the standards of *State v. Rowe,* we conclude that the in-court identification had an independent source.

## II.

▮ The Defendant's attack on the sufficiency of the evidence goes to the identification testimony discussed above and to the assertion that he established an alibi. If identification testimony is properly admissible at all, as we have held it was in this case, its weight is for the jury. *Manson v. Brathwaite,* 432 U.S. 98, 116, 97 S.Ct. 2243, 2254, 53 L.Ed.2d 140, 155 (1977). Similarly, his alibi defense presented a classic jury question. *State v. Lewis,* Me., 372 A.2d 1035 (1977).

There is no merit to this point.

The entry will be:

Appeal denied.

Judgment affirmed.

DUFRESNE, A. R. J., sat at oral argument and conference while he was Chief Justice, but retired prior to the preparation of the opinion. He joins in the opinion as Active Retired Justice.

---

6. In a conference with counsel in chambers during trial the presiding justice declared on the record, "I am going to rule that the legal standard of identification has been established and that the issue as to whether he, in fact, did properly identify the Defendant is going to be up to the jury on a factual issue." Thus, he recognized the principle, yet he failed to make the explicit findings of fact on the record.