STATE of Maine.
v
Allan DUNTON.

Supreme Judicial Court of Maine.

Jan. 22, 1979.

David M. Cox, Dist. Atty., Gary F. Thorne (orally), Asst. Dist. Atty., Bangor, for plaintiff.

Harold C. Hamilton (orally), Bangor, for defendant.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ.

NICHOLS, Justice.

On June 15, 1978, in the Superior Court (Penobscot County), the Defendant, Allan Dunton, was convicted upon a jury verdict finding him guilty of the Class A crime of robbery, 17–A M.R.S.A. § 651. The Defendant appeals to this Court from that judgment of conviction, raising two issues for our consideration: The Defendant asserts that (a) the in-court identification was unnecessarily suggestive; and (b) the testimony of certain witnesses should have been excluded as irrelevant and prejudicial.

We deny the appeal.

The evidence indicates that on February 12, 1978, Richard Thompson, was shooting pool at Wally's Spa, Bangor, for approximately seven to eight hours with three strangers, including the Defendant and another defendant, Douglas Gatcomb. Thompson accepted a ride home from Dunton and Gatcomb. Somewhere in Hermon they beat him senseless, left him by the side of a road, and absconded with approximately four hundred dollars of his money. A passerby eventually stopped and drove Thompson to the nearby Dysart's Restaurant. Observing Dunton and Gatcomb at the restaurant, Thompson identified them as his assailants to a waitress. He then blacked out. At Eastern Maine Medical Center, to which he was taken, Thompson identified the Defendant from a photographic array, which photographic identification was repeated at a subsequent suppression hearing. The only misidentification of the Defendant occurred at Gatcomb's trial, which preceded Dunton's; there Thompson mistook another individual for Dunton. The Defendant's pre-trial motion to suppress was denied.

■ At his first point on appeal the Defendant asserts that the procedures surrounding Thompson's in-court identification of him were so unnecessarily suggestive as to constitute a due process violation.[1] *State v. Jason*, Me., 392 A.2d 1086 (1978).

---

1. In making this assertion, Defendant does not attack the in-court identification as being tainted by an impermissibly suggestive pre-trial identification. *State v. Cefalo*, Me., 396 A.2d

The contention is without merit. On direct examination Thompson was asked if he could identify his assailant. Thompson indicated that he could. He pointed at the defense table. There the Defendant was sitting next to his attorney, Hamilton, who was the same attorney Thompson had seen representing the Defendant at the prior suppression hearing. The question to which the Defendant objected followed immediately, the State asking: "By that gentleman, are you pointing to this gentleman seated in the blue shirt next to Mr. Hamilton?" After the presiding justice overruled the Defendant's objection on his finding that the witness had identified the Defendant,[2] Thompson went over to the defense table and pointed directly at the Defendant. We reject the Defendant's novel argument that the due process clause prohibits the State from clarifying or specifying a positive identification once made. *Cf. State v. Jason, supra.*

■ The Defendant also objected to the testimony of certain witnesses on grounds of relevancy and prejudice. One witness placed Dunton at Dysart's Restaurant during the hours that Thompson would have been there. Another of these witnesses testified that Gatcomb and a second individual drove into a gas station attached to the restaurant during the night in question in an automobile which approximated Thompson's description of it. Gatcomb paid for the gasoline with a twenty dollar bill, the same denomination that made up most of the four hundred dollars stolen from Thompson. A third witness, a police officer, testified that he arrested the Defendant and Gatcomb approximately twenty-four hours after the robbery in an automobile that matched Thompson's description.

The presiding justice has wide latitude in ruling on the relevancy of evidence and in determining whether the potential unfair prejudice from admitting such evidence outweighs its probative value. *State v. Mitchell,* Me., 390 A.2d 495, 500 (1978); M.R.Evid. 403. Again we emphasize that the danger of unfair prejudice, which under M.R.Evid. 403 the presiding justice may weigh against probative value, is something more than damage to the opponent's cause. There is always, after all, some damage when evidence comes in that the facts are contrary to his contentions. That damage alone is no ground for exclusion. What is meant by M.R.Evid. 403 is an undue tendency to move the fact-finders to decide the case on an improper basis, commonly, although not always, an emotional one. *State v. Hurd,* Me., 360 A.2d 525, 527 n.5 (1976).

We start from the premise that relevant evidence should be admitted, and we exclude it only when it becomes clear that the unfair prejudice outweighs the probative worth.

In the case before us the relevance of the challenged testimony is self-evident. We find there was no abuse of discretion by the presiding justice.

The entry shall be:

Appeal denied.

Judgment affirmed.

POMEROY and DELAHANTY, JJ., did not sit.

---

233 (1979); *State v. Broucher,* Me., 388 A.2d 907 (1978). Rather, the gravamen of his complaint concerns the procedures surrounding the in-court identification.

2. Rejecting the Defendant's argument of suggestivity the presiding justice stated:

And there's nobody else in that area other than you and your client—you and the person sitting beside you. There's nobody behind or in that general area. You've already appeared before the jury as counsel for the Defendant, so therefore, I'm sure that the jury could not assume that he was pointing to you. Your objection—your motion for a mistrial is denied.