**STATE of Maine**

**v.**

**Reginald L. GUPTILL.**

Supreme Judicial Court of Maine.

Argued March 15, 1984.

Decided Sept. 5, 1984.

John R. Atwood, Dist. Atty., William R. Anderson, Asst. Dist. Atty. (orally), Belfast, for plaintiff.

Moser & Mailloux, Randolph A. Mailloux (orally), Belfast, Peter K. Mason, Searsport, for defendant.

Before NICHOLS, ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Reginald L. Guptill appeals from his conviction of burglary, theft, and arson, 17–A M.R.S.A. §§ 401, 353, & 802 (1983), following a jury trial in the Superior Court, Waldo County. He contends on appeal, *inter alia*, (1) that the presiding justice erred in refusing to instruct the jury as to termination of accomplice liability; (2) that the court erred in admitting certain nonresponsive testimony; and (3) that the four in-court identifications of Guptill were insufficient to establish his complicity in the offenses charged. We affirm the judgment.

## I.

On the night of August 3, 1982, a wooden camp in the town of Monroe was broken into and several items of furniture were stolen. Early on the morning of August 4, Guptill was stopped by a police officer in downtown Belfast while driving a pick-up truck loaded with furniture. He was arrested and detained at the Waldo County Jail for operating under the influence. Later that same morning, Guptill was released on bail provided by one Steven Burchill. Burchill, the owner of the truck, sought the return of his vehicle and produced a fraudulent receipt evidencing ownership of the furniture by Guptill. The Sheriff's Department released the truck to Burchill but kept the furniture. Later that same day, the camp that had been burglarized was destroyed by fire.

During his trial for burglary, theft, and arson, Guptill admitted that he was present when the burglary and theft were committed by others, but insisted that he was unaware that any crime was being committed. He further testified that after his release on bail he accompanied Steven Burchill to a gas station and waited while Burchill filled a plastic gallon jug with gasoline. Guptill then directed Burchill to the camp, but supposedly asked to be let out of the truck before reaching the camp, and waited by the side of the road until Burchill returned. Rejecting Guptill's denial of complicity, the jury found him guilty of all three offenses.

## II.

Guptill argues, in reference to his conviction of arson, that the court erred in not

instructing the jury as to termination of accomplice liability. The statute governing accomplice liability, 17–A M.R.S.A. § 57, provides that:

Unless otherwise expressly provided, a person is not an accomplice in a crime committed by another person if: ...

C. He terminates his complicity prior to the commission of the crime by

(1) informing his accomplice that he has abandoned the criminal activity and

(2) leaving the scene of the prospective crime, if he is present thereat.

17–A M.R.S.A. § 57(5)(C)(1983). While Guptill was entitled to an instruction on any theory of defense rationally supported by the evidence, State v. Reed, 459 A.2d 178, 181 (Me.1983); State v. Rowe, 453 A.2d 134, 138–39 (Me.1982), the issue of termination of accomplice liability was not generated by the· evidence in this case.

█ It is clear from Guptill's own admission that he aided Burchill by directing him to the camp, thus warranting an instruction as to accomplice liability, see State v. Lee, 451 A.2d 313, 315 (Me.1982); State v. Ayers, 433 A.2d 356, 364 (Me. 1981). It is also clear that he did no more than ask to be let out of the truck upon nearing the camp. In his own words, "I told Mr. Burchill if he didn't mind I would get out." We cannot say that this meets the standard of "informing his accomplice that he has abandoned the criminal activity" required under section 57. The refusal to give an instruction as to termination of accomplice liability, therefore, was not error.

### III.

Guptill also contends that the admission of certain nonresponsive testimony constitutes reversible error. Martin Witham testified as to the events preceding the burglary. He stated that, along with another friend, he accompanied Guptill to "a big party at somebody's house." Upon arriving they found the lights on but "there was no noise, nothing. So Mr. Guptill got out

of the truck and he knocked on the door." When asked "Where did you go after that?" Witham replied, "Well, he knocked on the door and nobody answered. So—" Defense counsel objected that the testimony was nonresponsive, but the court overruled the objection. Witham then stated that Guptill entered the house and returned carrying a guitar, which he placed in the truck. No further objection was made by defense counsel.

█ On appeal, Guptill argues that the latter nonresponsive statement was prejudicial because it suggested to the jury that Guptill could have stolen the guitar. We note, however, that the only objection raised below concerned the earlier nonresponsive statement. An appropriate response to the second statement, were it deemed prejudicial, would have been a further objection coupled with a motion to strike, see Field & Murray, Maine Evidence § 103.3 at 6 (1976). A tactical decision not to object, in order to avoid emphasizing the remark, does nothing to preserve the error. We must, therefore, review the statement under an "obvious error" standard. M.R.Evid. 103(d); M.R.Crim.P. 52(b). We note that evidence of Guptill's participation in the theft of the furniture, including his own barely exculpatory statement, was substantial. Witham's remark, which came midway through a three-day trial, contained no direct suggestion that the guitar was stolen. We must conclude, in light of all the circumstances, that Witham's statement was not "in its probable effect upon the jury 'a seriously prejudicial error tending to promote manifest injustice.'" State v. True, 438 A.2d 460, 467 (Me.1981) (quoting State v. Baker, 409 A.2d 216, 219 (Me.1979)).

### IV.

█ During the course of the trial, four in-court identifications were made at the request of the prosecuting attorney. Guptill contends that the identifications were legally insufficient because, in each in-

stance, the prosecutor failed to indicate for the record that the identifying witness had, in fact, identified the defendant. In the past we have held that the in-court identification of an accused must satisfy the requirements of due process. *State v. Jason,* 392 A.2d 1086 (Me.1978). We have never insisted, however, that a record of the in-court identification of an accused be made in any particular form. A recital by the prosecutor confirming the identifying words or gesture of a witness has never been a requisite element of the State's burden of proof, and we so hold. The argument of the appellant on this issue, which goes essentially to the sufficiency of the evidence, is therefore without merit.

Few jurisdictions appear to have ruled on this procedural aspect of in-court identifications. A number of states view this issue as resting within the sound discretion of the presiding justice, *see People v. Priola,* 395 Ill. 296, 300, 70 N.E.2d 46, 49 (1946); *State v. Hubbard,* 659 S.W.2d 551, 559 (Mo.Ct.App.1983). A recent Texas opinion suggests that the better practice would be for prosecutors to signal an identification for the record by using some such phrase as "Let the record reflect . . . ." *Rohlfing v. State,* 612 S.W.2d 598, 601 & n. 2 (Tex. Crim.App.1981). We feel that there are sound prudential reasons for not making this an affirmative requirement. Moreover, we caution against use of the conclusory phrase "has identified," instead of a more neutral description, such as "has pointed to" or "has indicated."

Identification of the accused is an issue of fact that is properly submitted to the jury. *State v. St. Onge,* 392 A.2d 47, 52 (Me.1978); *State v. Broucher,* 388 A.2d 907, 909 (Me.1978). The State may establish the identity of an accused through purely circumstantial evidence. *State v. York,* 324 A.2d 758, 768–69 n. 7 (Me.1974); *State v. Hamilton,* 149 Me. 218, 232, 100 A.2d 234, 241 (1953). As a bedrock proposition, however, it is for the jury, and the jury alone, to determine issues of fact relevant to a criminal prosecution. *State v.*

*Edwards,* 458 A.2d 422, 424 (Me.1983); *State v. Lindsey,* 400 A.2d 368, 370 (Me. 1979). For this reason, prosecutors must avoid soliciting from the presiding justice a *finding* that "the witness has identified the defendant."

In a case such as this one, where many of the witnesses know the defendant personally and where identification is not in issue, the absence of a recital by the prosecutor has no impact upon our assessment of the sufficiency of the evidence. Reginald L. Guptill was indicted by the Grand Jury. Presumably he acknowledged his identity at arraignment. Without objection, witnesses testified at trial concerning the conduct of "Reggie Guptill," "Reggie," "Guptill" or "Mr. Guptill." Finally, Reginald L. Guptill by his testimony confirmed that he was indeed the person to whom the witnesses referred.

We find no merit at all in Guptill's attack upon the sufficiency of the evidence against him. No other issue raised on appeal warrants discussion. Accordingly, we affirm Guptill's convictions of burglary, theft and arson.

The entry is:

Judgments affirmed.

All concurring.