**STATE of Maine**

v.

**Matti C. AALTO, Jr.**

Supreme Judicial Court of Maine.

Argued June 13, 1990.

Decided July 11, 1990.

Mary Tousignant, Dist. Atty., Anne Jordan (orally), Deputy Dist. Atty., Alfred, for plaintiff.

Joel Vincent (orally), Scarborough, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

Matti C. Aalto, Jr. appeals the judgments entered in the Superior Court (York County, *Cole, J.*) on jury verdicts finding him guilty of three counts of gross sexual misconduct, 17–A M.R.S.A. § 253 (Supp.1988), and four counts of unlawful sexual contact, 17–A M.R.S.A. § 255 (Supp.1988). The sole issue on appeal is whether the trial court erred in admitting the testimony of two police officers that they found the defendant's failure to admit or deny the allegations against him "unusual." We affirm the judgments.

In December of 1988, the defendant's daughter and stepdaughter reported that the defendant had sexually abused them. Acting on this report, Deputy Harvey Barr of the York County Sheriff's Department secured a warrant, arrested the defendant, and took him into custody. Barr read the

defendant his rights, as set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which the defendant voluntarily waived. With the assistance of Detective Michael McAlevey, Barr then interviewed the defendant. At trial, Detective McAlevey testified on behalf of the State that the defendant answered questions about his background in a straightforward manner but became evasive and nervous when asked about his daughter's and stepdaughter's allegations. During cross-examination of McAlevey by the defense counsel, the following colloquy occurred:

Q [DEFENSE COUNSEL]: [I]f somebody refuses to admit or deny something, do you feel that that's an indication of guilt?

A [THE WITNESS]: I find that it's unusual because in my experience, most people are very adamant in denying—

Q [DEFENSE COUNSEL]: That's not my question.

[STATE]: His question was, 'Do you find it unusual,' he hasn't been allowed to answer it. I ask that you instruct him to allow him to answer the questions.

THE COURT: You may answer.

A [THE WITNESS]: In my experience, I find the majority of the time if a person does not make an admission, they're very adamant in their denial and their innocence. This was not present.

On appeal, the defendant argues that the court erred in admitting McAlevey's responses. Because the defendant did not object to either the State's restatement of his question or to McAlevey's answers, we review the trial court's admission of the testimony for obvious error. M.R.Crim.P. 52(b) and M.R.Evid. 103(d). In doing so, we note that McAlevey's opinion that the defendant's silence in the face of an accusation was "unusual" was irrelevant because it did not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." M.R.

Evid. 401. Instead, McAlevey's characterization of the defendant's conduct amounted to little more than a gratuitous opinion under the guise of expert testimony. *See Ginn v. Penobscot Co.*, 334 A.2d 874, 883, *mandate modified*, 342 A.2d 270 (Me.1975) ("[T]estimony of experts is rightly excluded when the subject of inquiry is one which is plainly comprehensible by the jury and of such a nature that unskilled persons would be capable of forming correct conclusions respecting it without the opinion of experts"). We therefore hold that because the testimony was irrelevant under M.R. Evid. 401, the trial court should have excluded it under M.R.Evid. 402. We do not find, however, that the trial court's erroneous admission of this testimony was "so highly prejudicial and so taints the proceeding as virtually to deprive the aggrieved party of a fair trial." *State v. True*, 438 A.2d 460, 468 (Me.1981). At best, McAlevey's testimony merely revealed that the defendant's response to questioning was atypical—a conclusion the jury could have reached without assistance from an expert witness and one that does not necessarily point towards or away from the defendant's guilt. Accordingly, this error does not mandate the reversal of the defendant's convictions.

The defendant also challenges the admission of the testimony of Deputy Harvey Barr. On direct examination, Barr testified on behalf of the State that he found the defendant's failure to admit or deny the allegations against him unusual because his experience as a police officer had taught him that most people definitely and adamantly deny an untrue accusation. The defendant objected to this testimony, arguing, *inter alia*, that the officer's opinion was irrelevant. We agree with the defendant that the testimony was irrelevant and should have been excluded under M.R.Evid. 402. Our review of the record, however, leads us to conclude that the error was harmless as it is "highly probable that the error did not affect the judgment." *State v. Huff*, 469 A.2d 1251, 1253–54 (Me.1984); M.R.Crim.P. 52(a). In reaching this conclusion we note that Barr's testimony, like that of Detective McAlevey, merely offered

an opinion the jury was capable of forming without assistance. *See State v. Dube*, 522 A.2d 904, 910 (Me.1987).[1] We are thus convinced that the erroneous admission of this testimony had at most a "very slight effect" on the jury. *See State v. Conner*, 434 A.2d 509, 514 (Me.1981) (quoting *United States v. Agurs*, 427 U.S. 97, 112, 96 S.Ct. 2392, 2401, 49 L.Ed.2d 342 (1976)). Accordingly, the admission of Barr's testimony also does not mandate reversal of the defendant's convictions.

The entry is:

Judgments affirmed.

All concurring.

---

1. In *Dube*, the district attorney improperly observed that if he had consumed as much alcohol as the defendant had consumed "I probably would have been on my butt by now," thus offering his own opinion as to the effect of the defendant's alcohol consumption. In holding this remark harmless error, we observed that "[t]he jurors were surely able to evaluate for themselves from their collective experience ... the probable effect of the alcohol consumed by [the defendant]. Furthermore, [the defendant's] degree of inebriation was at best a collateral issue...." *Dube*, 522 A.2d at 910. Similarly, in the present case the "usual" response to police interrogation is a fact of collateral importance that was irrelevant in deciding whether the defendant committed the crimes with which he was charged.