**STATE of Maine**

v.

**Mark DOW.**

Supreme Judicial Court of Maine.

Argued Sept. 9, 1992.

Decided Nov. 17, 1992.

Stephanie Anderson, Dist. Atty., Jane Elizabeth Lee, Asst. Dist. Atty. (orally), Portland, for the State.

Joel Vincent (orally), Scarborough, Law Offices, Scarborough, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

By his appeal from the judgment entered in the Superior Court (Cumberland County, *Delahanty, C.J.*) on a jury verdict finding him guilty of a gross sexual assault in violation of 17–A M.R.S.A. § 253(1)(A) (Supp.1991).[1] Mark Dow contends that the trial court erred in admitting the opinion evidence of the examining physician that the victim had been sexually assaulted and in the court's instruction to the jury. Finding no reversible error in the record, we affirm the judgment.

■ Dow first contends that it was reversible error for the trial court to admit the testimony of the victim's examining physician that the victim had been sexually assaulted. We have previously stated that "[i]f otherwise admissible, M.R.Evid. 703 provides for the admissibility of testimony in the form of an opinion on an ultimate issue to be decided by the jury subject to ... [Rule] 702 ... that the opinion must be helpful to the trier of fact." *State v. Woodburn,* 559 A.2d 343, 345 (Me.1989).

---

1. 17–A M.R.S.A. § 253(1)(A) provides:
   1. A person is guilty of gross sexual assault if that person engages in a sexual act with another person and:
   A. The other person submits as a result of compulsion, as defined in section 251, subsection 1, paragraph E;
   17–A M.R.S.A. § 251(1)(E) (Supp.1991) provides:

   "Compulsion" means the use of physical force, a threat to use physical force or a combination thereof that makes a person unable to physically repel the actor or produces in that person a reasonable fear that death, serious bodily injury or kidnapping might be imminently inflicted upon that person or another human being.

*See also State v. Flick*, 425 A.2d 167, 170 (Me.1989) ("Rule 704 affects only opinions of an expert witness 'otherwise admissible'"). Admissibility of such evidence depends on

> whether the matter is beyond common knowledge so that the untrained layman will not be able to determine it intelligently and whether a person with specialized knowledge can give a helpful opinion.... [T]he expert must be able to provide some insight beyond the kind of judgment an ordinarily intelligent juror can exert.

R. Field and P. Murray, *Maine Evidence* 702.1 (2d ed. 1987). When preserved by an objection at trial, we review the record to determine whether it is highly probable that the alleged error, if any, did not affect the judgment. *State v. Aalto*, 576 A.2d 1364, 1365–66 (Me.1990); M.R.Crim.P. 52(a).

In the instant case, Dow contended that the admitted sexual act with the victim was consensual. Accordingly, the sole issue presented to the jury was whether the victim had submitted to the sexual act as a result of compulsion. The jury heard the following evidence relating to compulsion: The victim testified, *inter alia*, that Dow had grabbed her, pinned down her arms, forcibly removed part of her clothing and had repeatedly told her he would kill her and dispose of her body in the woods where it would not be found; that she had been frightened because she did not know Dow and believed what he told her; that she had repeatedly pleaded with Dow to stop and that she had attempted to push him away.

The physician who examined the victim testified on behalf of the State that the victim was crying and hysterical when brought to the hospital emergency room and that she gave a history of having been sexually assaulted. He further testified as to the medical examinations of the victim and the physical findings disclosed by the examinations. Over the objection of Dow, the physician testified that, based primarily on the history given him by the victim, his impression was that the victim had been sexually assaulted. On cross-examination the physician testified that, although the physical examination of the victim disclosed that she had recently engaged in sexual intercourse, his impression that she had been sexually assaulted was based entirely on the victim's demeanor when she arrived in the emergency room.

The jury also heard the testimony of the two witnesses that they had found the victim by the road, screaming and hysterical, and transported her to the hospital emergency room. The investigating police officer testified that Dow admitted having sexual intercourse with the victim while she continually asked him to stop. Further, Dow's written, signed statement was introduced in evidence in which he stated, "When I stopped drinking, I climbed in the back seat and forced her to have sex with me just once."

On this record we conclude that although the challenged testimony offered an opinion the jury was capable of determining without assistance, "it is highly probable" the testimony did not affect the verdict. Accordingly, its admission does not mandate a reversal of Dow's conviction.

■ When, as here, an instruction the trial court gave to the jury is challenged for the first time, the judgment will be vacated only if "the instruction, viewed in the context of the charge as a whole, constitutes highly prejudicial error tending to produce manifest injustice." *State v. White*, 570 A.2d 823, 825 (Me.1990) (quoting *State v. DeLong*, 505 A.2d 803, 806 (Me.1986)). We find no such error in this record.

The entry is:

Judgment affirmed.

All concurring.