### STATE of Maine

v.

### Richard DANIELS.

Supreme Judicial Court of Maine.

Submitted on Briefs June 6, 1995.

Decided July 31, 1995.

---

Norman R. Croteau, Dist. Atty., Auburn, for the State.

Jane Andrews, Lewiston, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Richard Daniels appeals from a judgment of conviction for trafficking in a schedule W drug, 17–A M.R.S.A. § 1103 (1983 & Supp. 1994), entered in the Superior Court (Androscoggin County, *Delahanty, C.J.*) following a jury trial. Daniels contends that the court erred in denying his request for an instruction regarding termination of accomplice liability, and in its instructions to the jury regarding accomplice liability. We affirm the judgment.

The evidence at trial disclosed the following facts essential to the disposition of this appeal. An individual cooperating with the police arranged to make a controlled purchase of cocaine from Daniels. The purchase was to take place at 12:15 p.m. on November 15, 1993 at either the McDonald's or the Dutch Chalet on Lisbon Street in Lewiston, but Daniels was not there. The cooperating individual called the same number he had previously used to contact Daniels, and talked to Daniels's girlfriend, who told him he could obtain the cocaine if he came to her mother's house on Pierce Street. The cooperating individual went to the house and purchased 1.75 grams of cocaine for $125 from Daniels's girlfriend.[1]

The girlfriend testified that Daniels was living with her and her mother in her mother's house on Pierce Street in November 1993. She further testified that while driving him to work on November 15, they stopped at the McDonald's parking lot at 11:50 so that Daniels could make a sale of cocaine, but that Daniels had to leave before the contact was made to avoid being late for work. Daniels gave her the package of cocaine and told her that, if the buyer called again, she should give it to him at her mother's house. She received such a call and arranged to have the buyer come to her mother's house to pick up the cocaine. She gave the bag of cocaine that Daniels had given her to the purchaser in exchange for $125, which she gave to Daniels when he came home from work.

### I.

Daniels contends that the trial court erred in refusing to instruct the jury regarding termination of accomplice liability. We agree with the State, however, that the court

---

1. Daniels's girlfriend was charged with trafficking in the same indictment. She pleaded guilty to a reduced charge of unlawful possession of a scheduled drug and was fined.

correctly denied the request because no evidence was introduced that warranted this instruction.

■ Jury instructions "should state the law which is relevant and applicable to the particular facts in controversy." *State v. Tibbetts*, 379 A.2d 735, 737 (Me.1977). A defendant is "entitled to an instruction on any theory of defense rationally supported by the evidence." *State v. Guptill*, 481 A.2d 772, 774 (Me.1984). The failure to instruct the jury on a defense theory generated by the evidence constitutes obvious error. *State v. Begin*, 652 A.2d 102, 106 (Me.1995); *see also State v. Rowe*, 453 A.2d 134, 138 (Me. 1982) (pursuant to 17–A M.R.S.A. § 13–A(1), instruction on lesser included offense must be given if generated by evidence and requested by defendant).

17–A M.R.S.A. § 57(5)(C) (1983) states in pertinent part:

5. Unless otherwise expressly provided, a person is not an accomplice in a crime committed by another person if:

....

C. He terminates his complicity prior to the commission of the crime by

(1) informing his accomplice that he has abandoned the criminal activity and

(2) leaving the scene of the prospective crime, if he is present threat.

This language and the cases construing it do not support Daniels's contention that he was entitled to an instruction on the termination of accomplice liability. In *Guptill*, 481 A.2d at 773, the defendant was convicted as an accomplice for the arson of a campsite. At the trial, he testified that he was with the principal when the principal filled a plastic jug with gasoline, directed the principal to the camp, got out of the principal's truck on the way to the camp at his own request, and was later picked up by the principal. We held that there was no error in the court's refusal to instruct on the termination of accomplice liability because Guptill's request to get out of the truck did not meet "the standard of 'informing his accomplice that he has abandoned the criminal activity' required under section 57." *Id.* at 774.

Similarly, in *State v. Doody*, 434 A.2d 523 (Me.1981), we found no error with the trial court's conclusion that the evidence was sufficient to support the defendant's conviction as an accomplice for her mother's murder. The defendant claimed that she terminated her criminal involvement, but never informed her husband, the principal, that she had " 'abandoned [the] criminal activity.' " *Id.* at 530. Moreover, her delay in summoning aid after the shooting, her compliance with her husband's request to give him $20 to get out of town after the shooting, and her reconnection of the phone wires her husband had disconnected at her mother's house prior to the shooting rationally supported the court's conclusion that she did not manifest an intent to abandon the criminal enterprise. *Id.*

Here, Daniels argues that he terminated his complicity when he left the meeting place to go to work, or, alternatively, because he decided not to go to the meeting place at all. There is no evidence in the record, however, that Daniels *informed* his girlfriend that he no longer wanted to make the sale. His failure to make the sale at the McDonald's parking lot cannot be said to be a manifestation of his intent not to sell the cocaine. Furthermore, the evidence, based on the girlfriend's testimony that Daniels instructed her regarding the sale, demonstrates that he wanted to *complete* the transaction. Because the evidence did not rationally support Daniels's intent to abandon the activity, there was no error in the court's decision not to instruct the jury regarding the termination of accomplice liability.

## II.

Daniels also contends that there was error in the court's instruction to the jury on accomplice liability. He argues that the language used by the court deviates from the elements necessary to prove accomplice liability set out in 17–A M.R.S.A. § 57(3)(A) (1983).[2] We disagree.

---

2. 17–A M.R.S.A. § 57(3)(A) provides:

3. A person is an accomplice of another person in the commission of a crime if:

A. With the intent of promoting or facilitating the commission of the crime, he solicits such other person to commit the crime, or

When jury instructions are challenged on appeal, we review the instructions as a whole "to ensure that they 'inform[ed] the jury correctly and fairly in all necessary respects of the governing law.'" *State v. Cumming,* 634 A.2d 953, 957 (Me.1993) (citation omitted). We "'tak[e] into consideration the total effect created by all the instructions and the potential for juror misunderstanding.'" *State v. Varney,* 641 A.2d 185, 187 (Me.1994) (citation omitted). If an instruction "creates the possibility of jury confusion and a verdict based on impermissible criteria," it is erroneous. *State v. Fitch,* 600 A.2d 826, 828 (Me. 1991).

■ We review only for obvious error affecting substantial rights when a defendant fails to object to an instruction at the trial. *See State v. McCluskie,* 611 A.2d 975, 978 (Me.) (no objection to instruction on accomplice liability), *cert. denied,* ── U.S. ──, 113 S.Ct. 625, 121 L.Ed.2d 558 (1992); *State v. Herbest,* 551 A.2d 442, 447 (Me.1988); M.R.Crim.P. 30(b), 52(b). Pursuant to this standard, a conviction will not be vacated unless "'the instruction, viewed in the context of the charge as a whole, constitutes highly prejudicial error tending to produce manifest injustice.'" *State v. Dow,* 616 A.2d 864, 865 (Me.1992) (quoting *State v. White,* 570 A.2d 823, 825 (Me.1990)).

■ Daniels objected to the court's instruction on accomplice liability, but his objection was not directed at and did not call the court's attention to what he now contends is the defect in the instruction. *See State v. Porter,* 404 A.2d 590, 594 (Me.1979) (refusal to instruct is properly preserved if defendant's request for instruction makes trial court aware of reason for request). Viewing the instruction in its entirety, it informed the jury "correctly and fairly in all necessary respects of the governing law." *Cumming,* 634 A.2d at 957. What is pointed to by Daniels on appeal as error, if it is error at all, does not constitute obvious error affecting his substantial rights. *Dow,* 616 A.2d at 865.

. aids or agrees to aid or attempts to aid such other person in planning or committing the crime. A person is an accomplice under this

The entry is:

Judgment affirmed.

All concurring.

subsection to any crime the commission of which was a reasonably foreseeable consequence of his conduct.